# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| ALLEN DELANGE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 2:07-CV-228-PPS-APR |
| | ) | |
| VISION DRYWALL, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before me on defendant J. Michelle Sanchez's Rule 55(c) motion to set aside the clerk's entry of default [DE 60]. For the following reasons, the motion is **GRANTED**.

## BACKGROUND

On July 12, 2007, Plaintiffs filed suit against defendants Vision Drywall, LLC and Robert Sanchez, under ERISA, seeking a payroll audit and the payment of any delinquent contributions uncovered by that audit [DE 1]. Plaintiffs maintain that those defendants entered into a collective bargaining agreement that obligates them to make certain payroll deductions and contributions [*Id*.]. Vision Drywall, LLC and Robert Sanchez received service on August 10, 2007 [DE 5]. They did not plead or otherwise defend and the clerk entered default against them on October 22, 2007 [DE 8].

On January 7, 2008, the Court denied the Plaintiffs' motion for default judgment as to those defendants with leave to re-file, and ordered Vision Drywall, LLC and Robert Sanchez to produce various financial documents relating to Plaintiffs' damages [DE 10]. Some time after this, Vision Drywall, LLC and Robert Sanchez decided to acknowledge the litigation and cooperate with Plaintiffs and this Court. At a January 7, 2009 status conference, the parties

jointly indicated their agreement that Plaintiffs would seek the withdrawal of the entries of default and file an amended complaint, all of which came to pass [DE 21, DE 22, DE 27]. The amended complaint added as defendants the movant, J. Michelle Sanchez, and two entities, Vision Development Commercial, Inc., and Vision Development and Real Estate, LLC [DE 27]. In the amended complaint, Plaintiffs alleged that the new defendants, including Ms. Sanchez, were alter egos of Vision Drywall, LLC [*Id*.].

Ms. Sanchez and the other Defendants jointly filed their answer on March 4, 2009, denying the alter ego allegations, and asserting the affirmative defense that the collective bargaining agreement on which Plaintiffs had brought suit was legally deficient [DE 31]. A couple of months later, on May 19, 2009, counsel for Ms. Sanchez and the other Defendants filed a motion to withdraw, citing Mr. and Ms. Sanchez's failure to pay their legal bills [DE 35 & 35-2], which the Court granted [DE 36].

On July 21, 2009, the clerk entered a default against Vision Drywall LLC, Vision Development Commercial Inc. and Vision Development and Real Estate, LLC [DE 39-41]. On December 17, 2009, the Court granted Plaintiffs' motion for a default judgment against these entities [DE 51]. As for Mr. and Ms. Sanchez, the defendants remaining after the entry of the default judgment order, the Court struck their answer, as a sanction for failing to comply with a discovery order [*Id*.].

On February 9, 2010, the Court directed the clerk to enter a default against Ms. Sanchez, and stayed the case as to Mr. Sanchez, pursuant to notice of his January 12, 2010 bankruptcy filing [DE 54]. The default against Ms. Sanchez was entered that same day [DE 55].

As of May 7, 2010, the Court's judgment against the corporate defendants had remained

unpaid, and the Court therefore granted Plaintiffs' motion for proceedings supplemental against those entities [DE 57]. Those proceedings are ongoing.

On June 17, 2010, Marissa McDermott entered an appearance on behalf of Ms. Sanchez and Vision Development and Real Estate, LLC [DE 59]. That same day, Ms. Sanchez filed the pending motion to set aside the entry of default against her [DE 60]. Plaintiffs have not responded to Ms. Sanchez's motion.

## DISCUSSION

Relief from entry of a default requested prior to entry of judgment is governed by Federal Rule of Civil Procedure 55(c), which provides that the "court may set aside an entry of default for good cause . . . ." This standard is essentially the same as the standard for vacating a default judgment under Rule 60(b); relief under Rule 55(c), however, is more readily granted as relief under Rule 60(b) may be "much more limited and stringent." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994); *see also Davis v. Hutchins*, 321 F.3d 641, 646 n.1 (7th Cir. 2003); *Pretzel & Stouffer v. Imperial Adjusters, Inc.,* 28 F.3d 42, 45 (7th Cir. 1994).

In the Seventh Circuit, a party seeking to vacate an entry of default before judgment has been entered must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009) (quoting *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2000)). Additionally, the Seventh Circuit has a well-established "policy of favoring trial on the merits over default judgment." *Cracco*, 559 F.3d at 631; *see also Sun*, 473 F.3d at 811.

As for the first two factors, the Court finds that Ms. Sanchez has a reasonable explanation for the default, and that she has taken quick action to correct it. Ms. Sanchez was not

3

represented by counsel when the Court entered the December 17, 2009 order that struck her answer [DE 60 & 60-1]. And she was not aware of that order until opposing counsel sent it to her, two months before she filed the pending motion [*Id.*]. The Court therefore concludes that Ms. Sanchez's failure to answer the amended complaint resulted from inadvertence rather than willfulness.

Moreover, Ms. Sanchez filed the pending motion the same day that her counsel appeared, which was just two months after she received notice that her answer had been stricken [DE 60-1]. Ms. Sanchez does not say when she discovered the February 9, 2010 default against her. But if she did not learn that her answer had been stricken until opposing counsel sent her the December 19, 2009 order, she presumably did not learn of the default before then, either. Thus, Ms. Sanchez appears to have acted in a timely fashion to have the default order set aside.

As for the third factor, the Court finds that Ms. Sanchez has shown a meritorious defense to the allegations in the complaint. Ms. Sanchez, as the sole member of Vision Development and Real Estate, LLC, states that she has no ownership interest in Vision Drywall, LLC [*Id.*]. She states further that Vision Development and Real Estate, LLC is unrelated to Vision Drywall, LLC [*Id.*]. These factual assertions, unopposed by Plaintiffs, are consistent with the denials in Ms. Sanchez's answer to the amended complaint, and establish a defense warranting resolution on its merits, rather than by default. *Cf. Bieganek v. Taylor*, 801 F.2d 879, 882 (7th Cir. 1986) ("A defense is meritorious if it is good at law so as to give the factfinder some determination to make.").

Given that Plaintiffs have not opposed Ms. Sanchez's motion, and the fact that relief

under Rule 55(c) is liberally granted, Ms. Sanchez's showing is sufficient to set aside the entry of default against her. Accordingly, defendant J. Michelle Sanchez's Rule 55(c) motion to set aside the clerk's entry of default [DE 60] is **GRANTED**.

**SO ORDERED.**

ENTERED: September 30, 2010

s/ Philip P. Simon  
PHILIP P. SIMON, CHIEF JUDGE  
UNITED STATES DISTRICT COURT